(C. D. 519)

Tı Hang Lung & Co. *v.* United States

United States Customs Court, Third Division

(Date June 18, 1941)

*Lawrence & Tuttle* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue* special attorney) for the defendant.

Before Cline and Keefe, Judges

Cline, Judge: This is a motion by the plaintiff for severance of three causes of action contained in one protest. The plaintiff seeks to litigate each cause of action separately and obtain separate decisions thereon. It appears from an examination of the documents in the record that the protest is directed against the rate of duty returned by the collector on (1) spirits, cordials, etc., assessed at $2.50 per gallon plus internal revenue tax, (2) wine assessed at $1.25 per gallon plus internal revenue tax, and (3) medicinal preparations assessed under paragraph 24 of the Tariff Act of 1930 plus internal revenue tax.

It has been held that a protest which contains three separate claims relating to three different commodities covered by an entry is a single protest and not three protests, citing *Mark Cross Co.* v. *United States*, 30 Treas. Dec. 728, Abstract 39651. It has been held also that an importer may file more than one protest against an entry, citing *Samuel C. Davis & Co.* v. *United States*, T. D. 15815, G. A. 2915.

1

The plaintiff had the choice, therefore, of filing one protest containing three separate claims or of filing three protests against the entry each containing a single claim. The question for consideration is whether the court can separate the causes of action in this protest into three separate actions. Section 515 of the Tariff Act of 1930 provides as follows:

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law.

The statute provides that each protest which the collector forwards to the court shall be determined, and, after decision, the papers transmitted by the collector shall be returned to him. There is nothing in the provision which indicates that the court can decide a protest piecemeal. The court is of limited and special jurisdiction. It has no equitable jurisdiction and it is bound strictly by the terms of the statute.

We are of opinion that, inasmuch as the plaintiff in filing his protest elected to litigate three issues thereon, he is bound by the provisions of his protest to submit the three issues simultaneously, if he desires to try all of them, and that the court must decide all of the issues in the protest in one decision. Motion denied.